UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


DARRIN WHITMAN,                  )
                                 )
        Petitioner,              )
                                 )    CRIMINAL NO.
     v.                          )    16-11931-DPW
                                 )
SEAN MEDEIROS,                   )
                                 )
        Respondent.              )


                        MEMORANDUM AND ORDER
                          February 16, 2017

     The 1991 conviction of the petitioner for first degree murder was affirmed by the Supreme Judicial Court in 1993. *Commonwealth* v. *Whitman*, 617 N.E.2d 625 (Mass. 1993). The petitioner did not file this habeas corpus petition until over two decades later on September 22, 2016. I conclude that the petition is barred by the statute of limitations for habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d). I further conclude that such claims as the petitioner pursues in the instant petition are precluded from federal review because they were procedurally defaulted in the state court. *See generally Lee* v. *Corsini*, 777 F.3d 46, 54 (1st Cir. 2015). As a consequence, I will direct the Clerk to dismiss the petition.

     Given the one year grace period the courts have recognized for the filing of habeas corpus proceedings in the wake of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

*see generally Riva* v. *Ficco*, 615 F.3d 35, 40-41 (1st Cir. 2010), the petitioner had until April 24, 1997 to file a timely federal habeas corpus petition. Although there appear to be typographical errors as to filing dates in narrative statements by two of the state judges who denied the petitioner relief in response to his most recent post-conviction motion,[1] the relevant dockets are clear. The Middlesex Superior Court Docket shows that petitioner did not file his first state post-conviction motion until November 6, 1997, more than six months after the April, 24, 1997 deadline. Therefore, the petitioner's federal habeas corpus limitation period was never enlarged by the filing of a state post-conviction motion timely for federal habeas corpus purposes.

Nor is there any other reason to relieve the petitioner of the obligations imposed by the AEDPA limitations period. *Holland* v. *Florida*, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (quoting *Pace* v. *DiGuglielmo*, 544 U.S. 408, 418

---

[1] In the June 2, 2015 Memorandum and Order, the trial court judge stated that "Whitman filed a 'motion for release from unlawful restraint' in 1996 and a motion for a new trial in 2000." In the October 7, 2015 Memorandum and Order, the Single Justice referred to "two motions for release from unlawful restraint" filed "[b]etween 1996 and 1997."

2

(2005)).  The petitioner here no longer may pursue claims he belatedly raises in the instant petition and no extraordinary circumstances appear to justify his failure to pursue them in a timely fashion.  Moreover, any effort to stay this proceeding while he begins yet another state post-conviction proceeding would be futile because he cannot recover the right to federal relief after passage of the limitations period.  *Lattimore* v. *Dubois*, 311 F.3d 46, 53 (1st Cir. 2002); *see also Konan* v. *Marchilli*, 140 F. Supp. 3d 174, 176-77 (D. Mass. 2015) ("[T]his court finds that abeyance for pursuit of state remedies would be futile, because the petition itself cannot proceed due to its untimeliness.").

Limitations period aside, another insuperable hurdle to the claims in the instant petition is that the Single Justice of the Supreme Judicial Court found that none "raise[d] a new and substantial question."  This is an adequate and independent state ground supporting the conviction and involves a disabling procedural default that prevents a federal court from granting habeas relief.  *Lee*, 777 F.3d at 55 ("The single justice's determination that an issue is not 'new' within the meaning of § 33E is tantamount to a finding of procedural default, 'the classic example of an independent and adequate state ground.'") (quoting *Simpson* v. *Matesanz*, 175 F.3d 200, 207 (1st Cir. 1999)).

Accordingly, the respondent's motion [#13] to dismiss is GRANTED and the petitioner's motion [#17] to stay is DENIED.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE